IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33947-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTORIA ASHLEE KNEZEVICH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Victoria Knezevich appeals her conviction for possession of a controlled substance, arguing that the trial court erred in denying her motion to suppress evidence. The trial court properly rejected both of her suppression arguments. We affirm.

FACTS

Ms. Knezevich was a passenger in a vehicle that drew the attention of a Cle Elum resident by speeding over 100 m.p.h. around 2:00 a.m. on the morning of May 10, 2015. The resident confronted the driver at a gas station and then reported the incident to Kittitas County Deputy Sheriff Nathan Foster who was sitting in his patrol car outside the sheriff's substation. The resident reported the vehicle's license number to Foster and told the deputy that the four occupants were "acting suspicious."

Deputy Foster then checked the license plate number provided through his car's

mobile data center. Records indicated the vehicle's registration expired in 2013 and the

title to the vehicle had not been transferred within 15 days of an April 2015 sale.[1] Deputy

Foster decided to drive to the area where the vehicle had been reported, later testifying,

"So at that point I decided to head up towards the gas station, number one, just to check

them out. To see what was going, why they were acting suspicious."

He soon located the vehicle, followed it for a short time, and noted that the license

plate carried a 2016 registration tag that conflicted with the 2013 registration information

reported by records. He activated his lights and pulled the vehicle over. The driver,

Darwin Riedl, was placed under arrest for driving with a suspended license.[2] When Riedl

exited the vehicle, Deputy Foster noticed an item sitting on the ledge between the car's

door and the driver's seat: a hollow blue pen tube, melted on one end, which in his

training and experience he recognized as a tool commonly used to smoke heroin or other

drugs.

---

[1] "A person who has recently acquired a motor vehicle . . . who does not apply for a new certificate of title within fifteen calendar days of delivery of the vehicle is charged a penalty . . . when applying for a new certificate of title." RCW 46.12.650.

[2] Mr. Riedl's license was suspended in the third degree. Further investigation revealed the 2016 tab on the Acura's license plate was improper. The tab had been issued for the plate of a Honda Civic registered to Mr. Riedl.

There were three passengers in the car, with Ms. Knezevich seated directly behind the driver. After securing Riedl, the deputy returned to the passenger side of the car and noted a box of foil at Ms. Knezevich's feet, and a tan pen tube with a melted end near the passenger door. In Deputy Foster's experience, he knew that aluminum foil is utilized when smoking heroin. At this point, Deputy Foster established a reasonable suspicion for possession of drug paraphernalia, since at least one suspicious item was within reach of all three passengers; he requested their identifications.

Ms. Knezevich provided a false name in order to avoid arrest on an outstanding warrant and was booked into the jail under that name. Her true identity was later discovered during a search of the car. The search also uncovered additional drug paraphernalia and a container of methamphetamine.

Ms. Knezevich was charged with possession of a controlled substance, possession of drug paraphernalia, and obstruction of a law enforcement officer. Her counsel subsequently moved to suppress the evidence obtained during the traffic stop, arguing that it was pretextual. The trial court disagreed and denied the motion. Written findings of fact were subsequently entered.

After losing the suppression motion, Ms. Knezevich waived her right to a jury trial and proceeded to a stipulated facts trial. She was found guilty as charged. Findings in support of the bench verdict were also entered. Ms. Knezevich timely appealed to this court.

3

ANALYSIS

Ms. Knezevich presents two arguments challenging the traffic stop and subsequent search. Specifically, she argues that the traffic stop was pretextual and that the deputy unlawfully detained her at the scene. We consider the two claims together.

An appellate court reviews de novo the trial court's conclusions of law pertaining to a motion to suppress. *State v. Arreola*, 176 Wn.2d 284, 291, 290 P.3d 983 (2012). We review findings of fact related to a motion to suppress under the substantial evidence standard. S*tate v. Montes-Malindas*, 144 Wn. App. 254, 259, 182 P.3d 999 (2008), *overruled on other grounds by Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the finding. *Id.*

Pretextual stops are prohibited by art. I, § 7, of the Washington Constitution. *Arreola*, 176 Wn.2d at 294. Pretextual stops occur when an officer stops a vehicle in order to conduct a speculative criminal investigation unrelated to enforcement of the traffic code. *State v. DeSantiago*, 97 Wn. App. 446, 451, 983 P.2d 1173 (1999). "When determining whether a given stop is pretextual, the court should consider the totality of the circumstances, including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior." *Id.* at 452.

Everything the deputy was investigating up to the time of the stop was a violation of the traffic code—the expired 2013 registration of the car, the untimely reported sale of

4

the vehicle in 2015, and the inexplicable appearance of a 2016 tab on the vehicle. On its face, nothing was pretextual about this stop. An expired vehicle registration is an articulable suspicion of a traffic infraction (a violation of RCW 46.16A.030[3]), and a traffic stop based on an expired registration is not pretextual. *State v. Santacruz*, 132 Wn. App. 615, 621, 133 P.3d 484 (2006). Additionally, "there is no constitutional violation in allowing a police officer to assume a citizen's report has some basis when he is conducting an initial investigation of that complaint." *State v. Glenn*, 140 Wn. App. 627, 635, 166 P.3d 1235 (2007).

DOL keeps records that include information on vehicle registration and ownership, in part for use by law enforcement. *State v. McKinney*, 148 Wn.2d 20, 32, 60 P.3d 46 (2002). There is no protected privacy interest in the information contained in DOL records, and access of these records by law enforcement does not violate a person's rights. *Id.*

Deputy Foster lawfully stopped the vehicle because the tip he had received, coupled with his initial investigation via mobile data center, indicated that the vehicle had an expired registration, a traffic infraction per RCW 46.16A.030(5). *Glenn*, 140 Wn. App. at 635; *McKinney*, 148 Wn.2d at 32. There is no evidence that Deputy Foster stopped the vehicle merely because the resident indicated the occupants of the vehicle

---

[3] RCW 46.16A.030(5) reads, "Failure to renew an expired registration before operating a vehicle on the public highways of this state is a traffic infraction."

5

were "acting suspicious." Deputy Foster's testimony indicated his desire to find the vehicle only arose after he learned of the expired registration. *Santacruz*, 132 Wn. App. at 621. The deputy was then able to see, with his own eyes, a tab on the license plate that conflicted with the DOL information, providing him with further articulable suspicion for a traffic investigation, rendering his decision to perform a traffic stop objectively reasonable. *DeSantiago*, 97 Wn. App. at 452. Given the totality of the circumstances, Deputy Foster reasonably acted to investigate an ongoing traffic infraction.

The traffic stop was not pretextual. The remaining question is whether Ms. Knezevich was unreasonably detained at the scene before she was arrested. She was not.

An automobile passenger is not unlawfully detained or seized merely because an officer stops the vehicle she is riding in. *State v. Mendez*, 137 Wn.2d 208, 222, 970 P.2d 722 (1999). However, there is an unconstitutional seizure if an officer requests identification from a passenger without independent cause, such as suspicion of additional criminal activity, to support the request. *State v. Larson*, 93 Wn.2d 638, 642, 611 P.2d 771 (1980).

By the time he requested identification from Ms. Knezevich and the other passengers, effectively seizing them, Deputy Foster had established cause, independent of the traffic stop, to ask the passengers for their identification. He had seen within reach of all of them items he immediately recognized as contraband—the hollow pen tubes and

aluminum foil. *Larson*, 93 Wn.2d at 642. He therefore had a basis for investigating each passenger for possession of drug paraphernalia and possession of a controlled substance.

Ms. Knezevich was not seized or otherwise improperly detained before the deputy established cause to do so. The trial court, therefore, correctly denied the motion to suppress.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

7